■ In the Matter of the Claim of THOMAS KORNEGAY, Respondent, v. FRANKLIN LAUNDRY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—TAYLOR, J. An employer and carrier appeal from a decision and award of the Workmen's Compensation Board contending that there is no competent proof in the record to support its finding of accidental injury. Claimant was employed as a laundryman whose duties required him to carry to, deposit in and extract from an automatically operated washing machine soiled bed linen, shirts, underwear and other articles of clothing received from private households, physicians' offices, the laboratory of a pathologist, other commercial laundries and a neighborhood hospital. In February, 1960 while at work he suffered a laceration of the fifth finger of his left hand. Mercurochrome and a band-aid were applied to the wound by a fellow employee and he continued his usual work. About two weeks later he experienced sharp pain in his left arm above the elbow and in late March discovered some swelling in his left armpit which prompted him to consult a physician whose initial examination revealed several isolated "rubbery" glands in the left axilla. An X ray of the lungs was negative for pulmonary tuberculosis. A second examination by the same physician on April 1 disclosed an increase in the number of glands affected and an elevated temperature. Recommended hospitalization followed where his condition was diagnosed as a caseating tubercular lymphadenitis of recent origin to relieve which a left axillary lymphoidectomy was performed. He returned to work on May 10. The medical opinion evidence is in agreement as to the accuracy of the diagnosis of tuberculosis in the axillary lymph nodes but in sharp dispute as to the root

of the infection. The attending physician and the operating surgeon were of the opinion that claimant had been inoculated with tubercular bacilli at the site of the injury by exposure to the harmful bacteria in the laundering process. The beliefs held by the carrier's experts that the finger laceration was not the portal through which the infection was received rested essentially on the theory that its primary source was endogenous and that the tuberculous involvement of the axilla was occasioned by the spread of pre-existing pulmonary foci through the body's lymphatic system. Viewed in the light of the record as a whole the proof of causation adduced from the attending and operating physicians, upon which the finding of accidental injury arising from the tubercular infection necessarily depends, must be accounted substantial evidence. That there was no direct evidence of the presence of tubercular bacilli in the articles handled by claimant in the cleaning process did not, as appellants contend, subvert as a matter of law the medical opinions of these expert witnesses since the board within its fact-finding power could regard as valid the theory upon which they relied to exclude any reasonably probable source of the axillary tuberculosis other than contact with the soiled laundry. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.